**ORIGINAL**

PSEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. **CV 02-8798-RGK(AJWx)**                              Date: January 10, 2003

Title:  **Thelma V. Spirtos, et al. -v-Allstate Inc., Co., et al.,**

**PRESENT: THE HONORABLE R. GARY KLAUSNER, U. S. DISTRICT JUDGE**

Yolanda S. Rodriguez                                  None Present
Courtroom Clerk                                       Court Reporter

ATTORNEYS FOR PLAINTIFFS:                             ATTORNEYS FOR DEFENDANTS:

None present                                          None present

**PROCEEDINGS:**    **Motion To Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)**

This matter is before the court on the above-entitled motion filed on December 2, 2003.
The motion is appropriate for resolution without oral argument. After fully considering the parties' papers, the Court rules as follows:

**Preliminary Issue: Standing – Plaintiff Eardley and M. Spirtos Do Not Appear To Have Standing to Bring Suit**

Plaintiffs fail to present legal or evidentiary support that would demonstrate that M. Spirtos and Eardley have standing to recover under the policy. Although Plaintiffs contend the M. Spirtos and Eardley are "clearly defined as covered" under the policy, Plaintiffs fail to cite any portion of the policy that supports their contention.

According to the policy, under the provision entitled "Our Settlement of Loss," Allstate specifies that "[Allstate] will settle any covered loss with you unless another payee is named in the policy." (Complaint, Exh. 1 at p. 24) (emphasis added). In the policy, "you" or "your" is defined as "the person named on the Policy Declarations as the insured and that person's resident spouse." Here, Eardley and M. Spritos are neither the named insured persons nor the named insured person's resident spouse. Thus, Eardley and M. Spritos have no standing to sue under the policy.



ENTER ON ICMS

JAN 1 3 2003

34

Moreover, from the allegations in the Complaint, it appears that the only real provision in issue is the Additional Living Expense ("ALE") coverage. The language for that coverage is similarly specific to coverage to Named Insured T. Spirtos. The provision states, "[Allstate] will pay the reasonable increase in living expenses necessary to maintain your normal standard of living when a direct physical loss we cover makes your residence premises uninhabitable." (Complaint, Exh. 1 at p. 17) (emphasis added). Because, as defined above under the policy, the word "your" covers only the named insured or the named insured spouse, M. Spirtos and Eardley cannot bring suit to enforce the provision.

This Court does recognize that, as relatives of the Named Insured T. Spirtos, M. Spirtos and Eardley may qualify as "insured persons" under the policy, and thus may be entitled to certain policy benefits. However, Plaintiffs do not show how being an "insured person" entitles Eardley and M. Spirtos to policy benefits that appear specific only to Named Insured T. Spirtos. (Complaint, Exh. 1 at pgs. 3, 17). The policy is completely devoid of any language that would indicate that M. Spirtos and Eardley have rights that would enable them to enforce any of the coverage provisions that Eardley and M. Spirtos seek to enforce. As such, this Court concludes that the only person who has standing to bring suit for Allstate's alleged failure to provide sufficient benefits under the policy is the Named Insured T. Spirtos.

In light of the foregoing, this Court concludes, as a matter of law, that Eardley and M. Spirtos have no standing to bring suit for the claims sought in this action. Accordingly, this Court **dismisses** Plaintiffs Eardley and M. Spirtos from the current action.

### (1) Violations of the Consumers Legal Remedies Act

The CLRA applies to the sale of "goods" and "services" in California. "Goods" under the CLRA is defined by Cal. Civ. Code § 1761(a) as "tangible chattels." "Services" under Cal. Civ. Code §1761(b) as "work, labor, and services for other than a commercial or business use."

Allstate argues that the policy does not fall within the purview of the CLRA because the policy is not a "good" or "service," but an "intangible contract of insurance between Allstate and its insured." However, Allstate provides no legal support for its "intangible contract" theory.

Allstate also argues that, under the CLRA and Cal. Civ. Code § 1782(a), Plaintiffs were required to notify Allstate in writing of the alleged wrongful acts at least thirty (30) days before filing a complaint, and allow Allstate an opportunity to cure the alleged deficiencies. However, Cal. Civ. Code § 1782(d) states that "[a]n action for injunction relief brought under the specific provisions of Section 1770 may be commenced without compliance with subdivision (a)." Therefore, Allstate's argument is unpersuasive.

In light of the foregoing, this Court **denies** Allstate's Motion to Dismiss Plaintiffs' claim for Violations of the Consumers Legal Remedies Act.

### (2) Breach of Contract

The essential elements for a breach of contract are 1) the existence fo a contract between the parties, 2) plaintiff's performance, 3) defendant's failure to perform or breach, and 4) damages to plaintiff caused by the breach. Careau & Co. v. Sec. Pacific Bus. Credit, Inc., 222 Cal.App.3d 1371, 1388 (1990). The Complaint alleges that a contract for insurance coverage exists between the parties whereby the Named Insured T. Spirtos performed by making payments, and the Defendant Allstate failed to perform, thereby breaching the agreement and causing damages to Plaintiffs.

As such, it appears that Plaintiffs have plead the essential elements for breach of contract. Accordingly, this Court **denies** Allstate's Motion to Dismiss Plaintiffs' Breach of Contract claim.

### (3) Declaratory Relief

The United States Supreme Court has held that, under the Declaratory Judgment Act, federal courts are conferred with "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). Specifically, the United States Supreme Court has stated that:

> By the Declaratory Judgment Act, Congress sought
> to place a remedial arrow in the district court's quiver;
> it created an opportunity, rather than a duty, to grant a
> new form of relief to qualifying litigants .... In the
> declaratory judgment context, the normal principle
> that federal courts should adjudicate claims within
> their jurisdiction yields to considerations of practicality
> and wise judicial administration.

Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

It is in this Court discretion whether to grant declaratory relief. Accordingly, this Court **denies** Allstate's Motion to Dismiss Defendants' claim for declaratory relief.

### (4) Breach of Fiduciary Duty

Plaintiff allege that Allstate, and its agents, have held themselves out as fiduciaries and have "abrogated the public trust and have repudiated the duties of decency and humanity inherent in the responsibility of a fiduciary." From the Complaint, the fiduciary relationship alleged to have been created between Allstate and Plaintiffs is one between an insurer and those insured.

However, California law is clear that no fiduciary relationship exists between an insurance company and its policyholders. See Henry v. Associated Indemnity Corp., 217 Cal.App.3d 1405, 1418 (1990) (affirming the trial court's sustaining of a demurr without leave to amend to insured's claim for breach of fiduciary duty); Love v. Fire Ins. Exch., 221 Cal.App.3d 1136, 1147 (1990) (holding that there is no fiduciary relationship between an insured and an insurer); Almon v. State Farm Fire & Cas. Co., 724 F. Supp. 765, 766 (S.D. Cal. 1989) (stating that "California law does not recognize an action for breach of fiduciary duty between an insured and an insurer").

Because no fiduciary relationship exists between Allstate and Plaintiffs, this Court concludes as a matter of law, that Plaintiffs cannot state a claim for breach of fiduciary duty. Accordingly, Plaintiffs claim for breach of fiduciary duty is **dismissed with prejudice**.

### (5) Constructive Fraud

Constructive fraud is a breach of duty where the alleged breaching party has no actual fraudulent intent but gains an advantage by misleading another to his prejudice. Cal. Civ. Code § 1573. Constructive fraud requires the existence of a fiduciary relationship. Id.

As discussed above, California law is clear that Allstate, as the insurer, does not create a fiduciary duty to its policyholders by simply entering into a contract to supply insurance coverage. Henry v. Associated Indemnity Corp., 217 Cal.App.3d 1405, 1418 (1990). Moreover, no facts exist in the Complaint which would indicate that Allstate entered into a fiduciary relationship with Plaintiffs. Accordingly, this Court concludes that Plaintiffs' claim for constructive fraud, as a matter of law, is hereby **dismissed with prejudice**.

### (6) Intentional Infliction of Emotional Distress

A plaintiff must plead specific facts to prove that the conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Cochran v. Cochran, 65 Cal.App. 4th 488, 496 (1998) (quoting Rest.2d Torts, § 46, com. D, p. 73). It is not enough that the defendant "has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the Plaintiff to punitive damages for another tort." Id. Whether the alleged conduct rises to the level of "extreme and outrageous" under California law is a question of law for the court. Fowler v. Varian Associates, Inc., 196 Cal.App. 3d 34 (1987); Godfrey v. Steinpress, 128 Cal.App. 3d 154, 173 (1982).

A California case that is particularly on point is Richard v. Pacific Indemnity Co., 132 Cal.App.3d 886, 894-95 (1983). In Richard, the insured alleged that the insurer wrongfully refused to pay, properly investigate, and process his claim. The insured also complained that the insurer's conduct was "done with the intent, or in the reckless disregard of the probability, of causing severe emotional distress to Plaintiff." Id. at 890. At the pleading stage, Plaintiff's intentional infliction claim was dismissed by the trial court and the California Court of Appeal affirmed, holding that the insurer's allegations could not be colored at extreme and outrageous. Id. at 895.

In the present case, Plaintiffs allege in the Complaint that Allstate inadequately performed the following: 1) investigate the claim, 2) arrange to have their property cleaned after the fire, and 3) offer Plaintiffs temporary housing. Taken as true, such conduct by Allstate does not rise to the level of extreme and outrageous. Therefore, because Plaintiffs fail to provide facts that could establish severe and emotional distress, this Court, as a matter of law, **dismisses with prejudice** Plaintiffs' claim for intentional infliction of emotional distress.

### (7) Intentional Interference with Prospective Economic Advantage

An intentional interference claim cannot be brought against a party to the contract with the plaintiff. Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal.4th 503 (1994). Here, the Named Insured T. Spirtos, as the only Plaintiff who properly has standing to bring suit, alleges that she is a party to the contract in order to sue. As such, there can be no viable intentional interference claim.

Accordingly, Plaintiffs' claim for Intentional Interference with Prospective Economic Advantage is **dismissed with prejudice**.

### (8) Violation of California Business and Professions Code § 17200 et. seq.

A claim under B&P Code § 17200 can only be made for equitable relief and can only be invoked where a plaintiff's legal remedies are inadequate. Vikco Ins. Servs., Inc. v. Ohio Indemnity Co., 70 Cal.App 4th 55, 67 (1999) (holding that B&P Code § 17200 "provide[s] a right to and a means of obtaining equitable relief only."). Here, Defendants bring suit for damages and for injunctive relief.

California law clearly states that "an injunction properly issues only where the right to be protected is clear, injury is impending and so immediately likely as only to be avoided by issuance of the injunction." East Bay Mun Utility Dist. V. Dept. of Forestry & Fire Protection, 43 Cal.App. 4th 1113, 1126 (1996). Here, Plaintiff allege that they are exposed to various toxins other contaminants such as asbestos, which are causing Plaintiffs continual injury. Thus Plaintiffs' continual injuries, if proven to exist, may warrant an injunction to compel Allstate to properly provide benefits under the policy in issue.

As such, it would be improper at this time to dismiss Plaintiffs claim for injunction relief. However, this Court has discretion to dismiss Plaintiffs claim upon a finding that an award of money damages is wholly adequate.

In light of the foregoing, this Court **denies** Allstate's Motion to Dismiss Plaintiffs' claim of Violation of California Business and Professions Code § 17200 et. seq.

### (9) RICO

Allstate fails to cite binding law to support its contention that dismissal of Plaintiffs' RICO claim is warranted. Because Plaintiffs may prove a valid RICO claim exists, this Court **denies** Allstate's Motion to Dismiss Plaintiffs' RICO claim at this time.

### (10) Breach of Implied Covenant of Good Faith and Fair Dealing / Bad Faith

A claim of insurance bad faith requires a showing of an unreasonable withholding of benefits without proper cause. Waller v. Trunk Ins. Exch., Inc., 11 Cal.4th 1, 35-36 (1995). Love. v. Fire. Ins. Exch., 221 Cal.App.3d 1136, 1151 (1990). An insurer's obligations to the insured do not stretch beyond the purposes of the insurance policy. See Gibson v. Gov't Employees Ins. Co., 162 Cal.App.3d 441, 448 (1984).

Plaintiffs allege that Allstate's unreasonable withholding and delaying in paying benefits to Plaintiffs is causing Plaintiffs injury. In construing the Complaint in light most favorable to the Plaintiffs and, in accepting the factual allegations as true, this Court cannot dismiss Plaintiffs' claim for Bad Faith and for Breach of the Implied Covenant of Good Faith and Fair Dealing. This is because it may be possible for Plaintiffs to prove a set of facts that would merit relief.

As such, this Court **denies** Allstate's Motion to Dismiss Plaintiffs' claim for Bad Faith and for Breach of Implied Covenant of Good Faith and Fair Dealing.

### (11) Injunction

As per the discussion above, it is clear that California law allows for an injunction "only where the right to be protected is clear, injury is impending and so immediately likely as only to be avoided by issuance of the injunction." East Bay Mun Utility Dist. V. Dept. of Forestry & Fire Protection, 43 Cal.App. 4th 1113, 1126 (1996). Here, Plaintiff allege that they are exposed to various toxins and other contaminants such as asbestos, which are causing Plaintiffs continual injury. If Plaintiff's alleged injuries are proven to exist, and such injuries are the result of Allstate's refusal to provide proper coverage as provided under the policy, an injunction may be warranted to compel Allstate to fulfill its promise under the contract and provide the proper coverage.

Therefore, dismissing Plaintiffs' claim for injunctive relief is not warranted at this time. In light of the foregoing, this Court **denies** Allstate's Motion to Dismiss Plaintiffs' claim for injunctive relief.

## CONCLUSION

Based on the discussion above, this Court **grants in part and denies in part** Allstate's Motion to Dismiss Plaintiffs' Complaint. Accordingly, this Court **grants** Allstate's Motion to Dismiss Plaintiffs' claims of Breach of Fiduciary Duty, Constructive Fraud, Intentional Infliction of Emotional Distress, and Intentional Interference with Prospective Economic Advantage. This Court **denies** Allstate's Motion to Dismiss Plaintiffs' claims of Violations of the Consumers Legal Remedies Act, Breach of Contract, Declaratory Relief, Violation of California Business and Professions Code § 17200, RICO, Breach of Implied Covenant of Good Faith and Fair Dealing / Bad Faith, and Injunction.

cc: counsel of record (or parties)

MINUTES FORM 11
CIVIL - GEN

Initials of Deputy Clerk ysr